(Cuyahoga County, Ohio, Court of Common Pleas.)

JOHN O. WINSHIP AND JOEL W. KINNEY, v. WILLIAM L. WEST, ADM'R, et al.

*Action by holder of dower interest to compel holder of mortgage on the land to foreclose mortgage.* —

A court of equity will not entertain an action by the holder of a dower interest to compel the holder of a mortgage on the land to foreclose his mortgage and have the land sold to satisfy his claim, against the protest of the holder of such mortgage and the heirs who hold the legal title to the land.

(Decided December 19, 1896.)

ONG, J.

This is an action brought by the plaintiff against William L. West and the New York Baptist Union for Ministerial Education, and the heirs of Alice H. Kinney, deceased. The purpose of the action is to require the defendant, the New York Baptist Union for Ministerial Education, to foreclose a mortgage held and owned now by the Society for Savings of Cleveland, which mortgage was executed by Alice Kinney in her lifetime, and Joel W. Kinney, the husband, now one of the plaintiffs.

The facts as set forth in the pleadings are, in brief, as follows: Alice H. Kinney died seized of considerable real estate in this county near Rockport, Ohio, leaving some four or five heirs at law and her husband, Joel W. Kinney. The whole of her property thus left, was incumbered by a mortgage for some five thousand dollars, given to secure the joint note of Alice H. Kinney and Joel W. Kinney, husband and wife. After the death of Alice H. Kinney, Joel W. Kinney, her husband, filed his petition in this court to have his dower interest set off to him in the real estate of which his wife died seized. This was done and fixed by metes and bounds. The mortgage and notes given to the New York Baptist Union for Ministerial Education was transferred to the Society for Savings, and it is now held and owned by it. The note and mortgage is still unpaid, although past due. After the assignment of dower, the present plaintiff, John O. Winship became the owner of one-half interest in the dower of Joel W. Kinney, and the two bring this action and ask that the Society for Savings be ordered to answer in this action setting up its claim; that the amount due it be -found by the court, and that the property be ordered sold, and that the proceeds be first applied to the satisfaction of the mortgagee; that the value of the dower interest of Joel W. Kinney be determined in cash; that the same may be held to be the

second lien on the property, and that the same may be' paid from the proceeds of the sale, and for other relief.

To this petition the defendant, William L. West, administrator, files an answer and cross-petition. The Society for Savings answers, but does not ask for any affirmative relief, but contents itself by saying: If a decree is had, then it asks that its interest may be taken care of.

A demurrer was filed to the petition in this cause, and was by the court overruled; and it is now contended by counsel for plaintiff that the overruling of that demurrer entitles the plaintiff to the relief sought, subject to the determination by the court of the other issues made in the proceedings.

At the hearing of the cause, the defendants, or part of them, objected to the introduction of any evidence under the pleadings. The objection was overruled and the testimony taken under exception. This, however, presented to the court the question as to the right of plaintiffs to have the relief sought under the pleadings. Ordinarily the same question is raised by objection to the introduction of any testimony as is raised by demurrer to the petition or answer; but not so in this case. I can well see why the court should overrule the demurrer in this case. The petition set forth the facts I have indicated, asked that the defendant, the owner and holder of the mortgage, set up their claim and foreclose the same, and the court held there were such facts alleged and relief sought as made the petition good as against the demurrer. After the overruling of the dmurrer, the owner and holder of the mortgage comes in, files its answer and declines to foreclose its mortgage and terminate its contract relation with the mortgagors. Hence, if relief is granted in this action, it must be on the application of the plaintiffs to have the mortgage held by the bank foreclosed, against its protest, have its contract terminated, not in payment, but by compelling it to sell the land, through a court of equity, at the election of one of the makers and joint obligors. This, to say the least, is a novel application and condition. It must be borne in mind that there are four or five heirs at law of Alice H. Kinney, deceased, some of them minors, all of whom are tenants in common in the legal title to the land sought to be sold, all of whom answer and oppose a decree of sale of the land; yet the plaintiff, Joel W. Kinney, the father, insists that the same be sold on his application, (for Winship gets no greater right than Kinney had), to satisfy his dower claim, and that he may have the same in cash. Will the chancellor grant such relief, even if such a decree could lawfully be made? I am clearly of the opinion that the plaintiff is not in equity entitled to the relief sought. To grant the prayer of the petition, would be to put upon the market the property, and forever divest the heirs at law of the title; and this, on the application of a party who has no fixed legal right to have the same done.

Again, if the plaintiff desires the sale of the property under the note and mortgage jointly executed by him and Alice H. Kinney, let him first discharge the debt and become the owner and holder of the same, then bring this action to foreclose; or, recover from the wife's estate the debt thus discharged by him, and he being a joint debtor, as shown on the face of the note and mortgage, would enable his children and the heirs at law of Alice H. Kinney, deceased, to come into court and ask that plaintiff be defeated of a recovery. It being entirely his own debt, or half his debt, and to the extent that it should be found his debt, if any, the court would protect the fee from being disposed of to repay him for the discharge of his own indebtedness. The heirs at law in this action cannot make such a defense, for if the court should grant the relief sought in this case, it would be to order the mortgage foreclosed and the land sold, and they could not be heard, on the claim that the indebtedness was not their mother's, or only half of it.

Again, a decree on the application of this plaintiff would debar the heirs at law of the opportunity of redeeming the land to the extent of their mother's indebtedness. It would deprive them of the increasing value of the land, it being near the city, both of which opportunities are being extended to them by the forbearance of the owner and holder of the mortgage, to foreclose the same. Will a court of equity sweep this all away from the children on the application of the father, with no legal right in him vested? Clearly not. Upon the pleadings in this case, the objection to the introduction of any evidence was well taken, the testimony is disregarded, objection sustained, and the petitions and cross-petitions are all dismissed, and judgment in favor of defendants for cost.

Plaintiff excepts, gives notice of of appeal; bond two hundred dollars.

John. Winship, for Plaintiff.

Lawrence & Estepp, for Defendants.